Benny Frank **HARRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65159.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 8, 1980.

Rehearing Denied Dec. 10, 1980.

Charles F. McNabb, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

---

## OPINION

W. C. DAVIS, Judge.

This is an appeal from an order revoking probation. On March 28, 1978, the appellant was convicted for the offense of rape. Punishment was assessed at ten years confinement. The trial court, on the recommendation of the jury, placed the appellant on probation.

The State alleged in its Motion to Revoke Probation that the appellant violated the terms and conditions of his probation in that,

"On or about the 17th day of July, 1979, in the County of El Paso and the State of Texas, the said defendant, BENNY FRANK HARRIS, did then and there (unlawfully), with intent to avoid payment for Automobile rental service that he knew was provided by RUBEN CARRILLO only for compensation, and having control of a 1979 Ford Automobile under a written rental agreement, did intentionally and knowingly hold said 1979 Ford Automobile beyond the expiration of the rental period without the effective consent of the owner, RUBEN CARRILLO, thereby depriving said owner of the said 1979 Ford Automobile of its use in further rentals of the value of over $200.00 and less than $10,000.

Thereafter, to–wit: on or about the months of August, September, October and November, 1979, in the aforementioned County and State, the said defendant, BENNY FRANK HARRIS, *did fail to report as required by his Probation Officer*, each instance of failure to report being a separate and a distinct violation of his terms and conditions of probation." (Emphasis added)

After a hearing on the Motion to Revoke on February 7, 1980, the court entered an order revoking appellant's probation. The order recited that the appellant had violated the terms of the probation in the manner which was set out in the Motion to revoke adult probation. Sentence was imposed that same day.

In three grounds of error, the appellant complains that the trial court abused its discretion in revoking his probation on the ground that he violated condition number six of his probation, "6. Report to the Probation officer as required." We agree. The order to revoke probation for violation of this condition cannot be sustained because this condition is so vague and indefinite that it cannot be enforced; it does not inform the probationer with sufficient certainty of what he is to do. See *Curtis v. State*, 548 S.W.2d 57 (Tex.Cr.App.1977); *Aguilar v. State*, 542 S.W.2d 871 (Tex.Cr. App.1976); *Parsons v. State*, 513 S.W.2d 554 (Tex.Cr.App.1974). See also, *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.1978). As was the case in *Curtis v. State*, supra, if the court's order revoking probation is to be sustained in this case, it must be on the evidence offered to prove the allegation that the appellant violated the condition of probation that he would commit no offense against the laws of this state. The evidence is utterly insufficient to support this allegation, as absolutely no mention was made at the hearing on the motion to revoke probation concerning the allegation. We find therefore that the trial court abused its discretion in revoking appellant's probation.

The judgment is reversed and the cause remanded.