Felicia R. Anderson v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-093-CR

     FELICIA R. ANDERSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 283rd District Court
Dallas County, Texas
Trial Court # F94-57195-PT
                                                                                                                 

O P I N I O N
                                                                                                                 
      Felicia R. Anderson appeals from the court’s judgment revoking her community supervision. 
Anderson alleges that the court erred in accepting her plea of true to the allegations of the
revocation motion because her counsel’s services were ineffective, which deprived her of due
process. Anderson’s ten points of error reference alleged instances of ineffective assistance of
counsel. 
POINTS OF ERROR
      In Anderson’s points of error, she asserts that counsel rendered ineffective assistance by:
 
∙failing to challenge the erroneous delegation of the court’s authority to the
supervision officer to conduct random urinalysis; 
 
∙failing to challenge the indefiniteness of the condition requiring urinalysis; 

∙failing to object to the indefiniteness of the reporting condition of community
supervision; 
 
∙recommending she plead true to the financial violations; 
                   
∙failing to file a motion to quash the motion to revoke community
supervision; 
 
∙failing to challenge the sufficiency of the evidence of the electronic
monitoring violation;
 
∙failing to challenge the erroneous delegation of the court’s authority to the
supervision officer regarding the electronic monitoring program;
 
∙failing to challenge the indefiniteness of the electronic monitoring condition; 
            ∙inadequate completion of necessary paperwork and ineffective services in
court.
 
FACTUAL BACKGROUND
      Anderson was found guilty of possession of cocaine. See Tex. Health & Safety Code Ann.
§ 481.115 (Vernon Supp. 1998). On January 31, 1996, the court assessed punishment at five
years’ confinement but suspended imposition of the sentence and placed her on community
supervision. Anderson signed the conditions of community supervision ordered by the court. 
      On August 1, 1996 the State filed its first motion to revoke Anderson’s community supervision
alleging nine violations. The motion alleged that Anderson: 
∙had submitted a urine specimen on February 21, 1996 which indicated the
presence of cocaine; 
 
∙had failed to report to her supervision officer twice monthly in May and
June; 
 
∙was behind in payment of court costs and community supervision fees; 
 
∙did not attend court-ordered drug treatment programs; 
 
∙did not perform community service hours.
 
      Pursuant to a plea bargain, Anderson pled true to the violations. The State withdrew its motion
to revoke, and on August 7 the court amended her conditions of community supervision. The court
ordered Anderson to spend 30 days in jail but granted her request for work release. Upon
completion of the jail time, the court ordered Anderson to participate in an electronic monitoring
program for not less than 180 days as a condition of community supervision.
      On November 26, 1996, the State filed a second motion to revoke Anderson’s community
supervision. The State alleged that Anderson: 
∙tested positive for cocaine on September 19, September 29, and October 23;
 
∙failed to report to her supervision officer on November 8; 
 
∙was delinquent on court-ordered fees; 
 
∙violated the rules and regulations of the electronic monitoring program. 
 
      Anderson signed a plea of true and stipulation of evidence to the violations which the State
offered into evidence at the revocation hearing. Anderson testified at the hearing and explained
some of the reasons for her violations. The court signed a judgment revoking her community
supervision on December 20, 1996 and sentenced her to three years’ confinement. 
INEFFECTIVE ASSISTANCE
      When assessing the effectiveness of counsel during a revocation hearing, we apply the same
standard used during the punishment phase of a trial. See Guzman v. State, 923 S.W.2d 792, 797
(Tex. App.—Corpus Christi 1996, no pet.). The standard utilized to assess the effectiveness of
counsel during the punishment phase is the Duffy test. See Ex parte Duffy, 607 S.W.2d 507, 514
n. 14 (Tex. Crim. App. 1980). Under Duffy, we must determine “first, whether counsel was
reasonably likely to render effective assistance, and second, whether counsel reasonably rendered
effective assistance.” Craig v. State, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992) (citing Ex
Parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990)); Duffy, 607 S.W.2d at 514 n.14. 
      Generally, we examine the totality of the representation to determine the effectiveness of
counsel. Ex Parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983); Romo v. State, 631
S.W.2d 504, 507 (Tex. Crim. App. 1982). The constitutional right to counsel does not mean
errorless counsel where adequacy of counsel is to be judged by hindsight. Holland v. State, 761
S.W.2d 307, 320 (Tex. Crim. App. 1988). 
      Further, the appellant has the burden of proving ineffectiveness by a preponderance of the
evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Claims of ineffective
assistance of counsel must be supported in the record. See Johnson v. State, 691 S.W.2d 619, 627
(Tex. Crim. App.1984). Trial strategy of counsel will not be questioned unless there appears no
plausible basis for counsel’s actions. Johnson v. State, 614 S.W.2d 148, 151 (Tex. Crim. App.
[Panel Op.] 1981). A defense attorney “must have a firm command of the law applicable to his
client’s case before he can provide reasonably effective assistance.” Duffy, 607 S.W.2d at 516. 
      A plea of true alone is sufficient to support revocation. See Clapper v. State, 562 S.W.2d 250
(Tex. Crim. App. [Panel Op.] 1978). Further, proof of any one of the alleged violations is
sufficient to support a judgment of revocation. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. [Panel Op.] 1980). 
      Anderson alleges that her counsel was ineffective because he failed to raise defensive issues
which existed to each alleged violation. Therefore, we must examine Anderson’s points of error
to determine if defensive issues existed and if so, whether the failure to raise such issues rendered
counsel’s services ineffective. URINALYSIS CONDITION
      In points of error one and two, Anderson alleges that counsel’s services were ineffective 
because he failed to challenge the delegation of authority and indefiniteness of the urinalysis
condition. Condition “m” of the conditions of [community supervision] states:
(m) Submit to random urinalysis and or medical tests as directed by the Court at each
report, or on a random basis as directed by the [supervision] officer.
 
Condition “d” required Anderson to report twice monthly to her supervision officer. 
      Anderson argues that condition “m” erroneously delegates the court’s duty and responsibility
to determine community supervision conditions to the supervision officer. See DeGay v. State, 741
S.W.2d 445, 449 (Tex. Crim. App. 1987). Anderson argues that Ortega v. State should be
followed. 860 S.W.2d 561 (Tex. App.—Austin 1993, no pet.). In Ortega, the condition stated
“submit a urine specimen at the direction of the [supervision] officer, daily if ordered.” Id. at 565. 
The court found the condition to be an improper delegation of authority. Id.
      The court stated: “The condition of [community supervision] as drafted permits the
[supervision] officer to decide if and when and where a urine specimen is to be submitted.” Id. 
We find the condition in the present case to be distinguishable from the condition in Ortega. The
condition in Ortega had no directives from the court. The supervision officer had complete
discretion to determine if and when someone would submit to a urinalysis. In the present case, the
court specifically directs the supervision officer to have Anderson submit to a urinalysis when she
reports twice monthly. 
      The court does not specify at what exact times the supervision officer can administer a
urinalysis test. In the Smith case, the appellant alleged that the court improperly delegated
authority to a drug program because the order of community supervision did not specify the
required dates of attendance of the program. Smith v. State, 932 S.W.2d 279, 283 (Tex.
App.—Texarkana 1996, no pet.). The Smith court determined that the drug program condition of
community supervision needed a certain degree of discretion to be successful. Id. The court found
no improper delegation of authority. Id. 
      Condition “b” provides:
(b) Avoid injurious or vicious habits, and do not use marijuana, narcotics, dangerous
drugs, inhalants or prescription medication without first obtaining a prescription for said
substances from a licensed physician. 
 
In order for urinalysis to be an effective measure to test drug use, a supervision officer must have
some discretion to administer tests on a “random basis”. Further, we find it impractical for a court
to be involved in deciding when to administer urinalysis testing. 
      The court in Vento, recognizing the proposition that a court cannot delegate authority to
determine conditions, states:
It is readily apparent that a court, by the very nature of its composition, is inherently
incapable of directly implementing every detail of specified [community supervision]
conditions. After prescribing, with sufficient clarity, the requisites with which a
probationer must comply, a court must, of necessity, utilize other entities to carry out the
details of those requisites.
 
Vento v. State, 724 S.W.2d 948, 951 (Tex. App.—Amarillo 1987, no pet.). As in Vento, we find
that the court did not improperly delegate its authority to the supervision officer. Therefore, 
condition “m” does not constitute an improper delegation of authority. See DeGay, 741 S.W.2d
at 449. 
      Further, we find that the urinalysis condition is not indefinite. Condition “m” serves to
enforce the prohibition against drug use in condition “b”. A court is allowed to require as a
condition of community supervision “that the defendant shall submit to testing for alcohol or
controlled substances.” Tex. Code Crim. Proc. Ann. art. 42.12 § 11(a)(14).
      Condition “m” states that Anderson shall submit to urinalysis at each report or on a random
basis as directed by the supervision officer. The condition informs Anderson with sufficient
certainty that she must avoid drugs and submit to random urinalysis. See Harris v. State, 608
S.W.2d 229, 230 (Tex. Crim. App. [Panel Op.] 1980). The whole point of random urinalysis is
to test without advance notice. Therefore, the random urinalysis condition is definite and can be 
enforced. Id. 
      For these reasons, the urinalysis condition was not an improper delegation of authority or an
indefinite condition. Thus, counsel did not render ineffective assistance by failing to object to the
urinalysis condition. When an objection would be improper, counsel cannot be found to have
rendered ineffective assistance by failing to make a useless objection. See King v. State, 649
S.W.2d 42, 45 (Tex. Crim. App. 1983). 
      We overrule Anderson’s first and second points of error.
REPORTING CONDITION
      Anderson’s third point of error alleges that counsel rendered ineffective assistance by failing
to challenge the indefiniteness of the reporting condition of community supervision. The State’s
motion to revoke alleged a violation of condition “d” which states:
(d) Obey all the rules and regulations of the [community supervision] department, and
report to the [Supervision] Officer as directed by the Judge or [Supervision] Officer; to-
wit: Twice monthly or as directed. 
          
Cases have found that the condition, “Report to the [community supervision] officer as directed”,
is vague and indefinite and therefore unenforceable. See Cotton v. State, 472 S.W.2d 526, 527
(Tex. Crim. App. 1971); Campbell v. State, 420 S.W.2d 715, 716 (Tex. Crim. App. 1967).
      However, in the present case Anderson is clearly directed to report to her community
supervision officer twice monthly. Condition “d” does not fail because it is definite and specific. 
Therefore, counsel did not render ineffective assistance by failing to object to the reporting
condition. Counsel cannot be found to have rendered ineffective assistance by failing to make a
useless objection. See King, 649 S.W.2d at 45. 
      Point of error three is overruled.
FINANCIAL VIOLATIONS
      In the fourth point of error, Anderson alleges that counsel erred by recommending she plead
true to the financial violations. Anderson argues that her nonpayment was unintentional and
without her plea of true, the State would not have been able to prove the financial violations. 
      A claim of ineffective assistance must be affirmatively demonstrated in the record. Johnson,
691 S.W.2d at 627. The State asked, “. . .are you pleading true to the allegations in the State’s
motion because they are true and for no other reason?” to which Anderson replied “yes.” The
record does not establish that counsel advised Anderson to plead true to the violations. 
      Without support in the record, we cannot conclude that the decision to plead true originated
with counsel and was not the result of the client’s wishes. See Flanagan v. State, 675 S.W.2d 734,
747 (Tex. Crim. App. [Panel Op.] 1982); Pinkston v. State, 744 S.W.2d 329, 332 (Tex.
App—Houston [1st Dist.] 1988, no pet.). Therefore, we cannot review whether counsel was
ineffective by recommending that Anderson plead true to the financial violations. See Flanagan,
675 S.W.2d at 747. 
      We overrule Anderson’s fourth point of error.
ELECTRONIC MONITORING CONDITIONThe fifth point of error asserts that counsel’s services were ineffective because he failed to file
a motion to quash the revocation motion. Anderson states that a motion to quash should have been
filed because the electronic monitoring allegation in the motion to revoke lacked specificity and
prevented Anderson from preparing an adequate defense.
      The electronic monitoring condition stated:
(s) Beginning__upon completion of jail time and for not less than__180 days, [Anderson]
shall participate in the Electronic Monitoring Program (EMP) and as a participant
therein, [Anderson] must remain at his/her residence at all times except during approved
work hours or at other times approved in advance by the court or the [supervision] officer.
. .
            
The motion to revoke community supervision stated:
FELICIA RENEE ANDERSON did violate condition (s) in that he [she] did not comply
with all rules and regulations of the Electronic Monitoring Program by not remaining at
her residence at all time except during approved work hours.
 
Anderson alleges that the failure to provide dates and times made it impossible for her to prepare
a defense and effective counsel would have filed a motion to quash. 
      Allegations in a motion to revoke need not be set out with the level of particularity required
in an indictment. Labelle v. State, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986). However, the
motion must fully and clearly set forth the alleged violations so that the defendant will be informed
of the facts which must be defended. Id. 
      During the hearing on the motion to revoke, Anderson stated that she could be out of the house
from 8:00 am until 2:00 pm. Anderson acknowledged that she had not complied with the electronic
monitoring rules because she had been away from her house after 2:00 pm. Anderson’s counsel
then sought explanations as to the reasons she had not complied with the rules. 
      Anderson testified that she attended drug counseling classes until 3:00 and also worked until
7:30. Anderson testified that her supervision officer knew about the counseling and told her that
as long as she had proof of her job it was all right to stay out after 2:00. However, the official
monitoring times were never changed. 
      Anderson’s testimony reveals that she understood the rules of the electronic monitoring
program and understood the dates and times she had violated the program. Anderson was informed
of the facts she would be called upon to defend and did not require more specific notice. Id. 
      Therefore, counsel was not ineffective in failing to file a motion to quash.
      We overrule the fifth point of error.
      Anderson’s sixth point of error urges that counsel erred by recommending Anderson plead true
to the electronic monitoring allegation because the evidence was insufficient to prove a violation. 
As in point of error four, there is no evidence in the record that the decision to plead true originated
with counsel and was not the result of the client’s wishes. See Flanagan, 675 S.W.2d at 747; 
Pinkston, 744 S.W.2d at 332. Therefore, we cannot review whether counsel was ineffective by
recommending that Anderson plead true to the electronic monitoring violation when the evidence
was insufficient to prove a violation. See Flanagan, 675 S.W.2d at 747.
      Point of error six is overruled.
      In points of error seven and eight, Anderson alleges that counsel erred by failing to challenge
the delegation of authority and indefiniteness of the electronic monitoring condition. One of the
basis conditions of community supervision is to “submit to electronic monitoring.” See Tex. Code
Crim. Proc. Ann. art. 42.12 § 11(a)(17). Condition “s”, quoted above, required Anderson to
participate in the Electronic Monitoring Program. Anderson was required to remain in her
residence at all times except for approved work hours and other times approved in advance by the
court or supervision officer.
      A trial court cannot delegate its duty and responsibility for determining the conditions of
community supervision to the supervision officer. DeGay, 741 S.W.2d at 449. Anderson alleges
that the court improperly delegated condition-making responsibility to the supervision officer to
determine the hours Anderson could be away from her residence. However, the court imposed the
condition that Anderson participate in the electronic monitoring program. The court further added
that Anderson could only be away from her residence during work hours and other approved times. 
      The court did not specifically state what hours would be ”approved work hours.” As in the 
Smith case, the supervision officer must have a certain degree of discretion to approve hours. See
Smith, 932 S.W.2d at 283. The court has declared with sufficient clarity that Anderson is to
remain at home unless securing approval from the court or the supervision officer. See Vento, 724
S.W.2d at 951. 
      It would be impractical for the court to approve every hour that Anderson needs to be away
from her residence to work or fulfill another condition of her community supervision. Id. A court
must utilize the supervision officer to implement the details of the electronic monitoring program. 
Id. We find that the court did not improperly delegate its authority to the supervision officer
because specific hours were not mentioned in the electronic monitoring condition. 
      We also find that the electronic monitoring condition informs Anderson with sufficient
certainty that she must remain at her residence except for approved work hours and other times
approved in advance by her supervision officer. See Harris, 608 S.W.2d at 230. Further,
Anderson testified that she understood the hours she could be away from home and had spoken to
her supervision officer about work and drug counseling as reasons to be away from home. We find
that the electronic monitoring condition is not indefinite. 
      For these reasons, the electronic monitoring condition was not an improper delegation of
authority or an indefinite condition. Thus, counsel did not render ineffective assistance by failing
to object to the electronic monitoring condition. Counsel cannot be found to have rendered
ineffective assistance by failing to make a useless objection. See King, 649 S.W.2d at 45. 
      We overrule Anderson’s seventh and eighth points of error.
INEFFECTIVE SERVICES
      Anderson’s ninth point of error asserts that counsel was ineffective because of inadequate
completion of paperwork. Anderson complains that counsel taped a copy of the allegations from
the State’s motion to revoke onto the plea of true form. Anderson alleges that the taped copy
covered her signature and blank spaces reserved for enumeration of violations. 
       A claim of ineffectiveness of counsel must be supported in the record. See Johnson, 691
S.W.2d at 627. The record presents no evidence that defense counsel prepared the plea of true.
Therefore, we cannot review this claim of ineffectiveness. 
       We overrule point of error nine.
      In her tenth point of error, Anderson alleges that she received ineffective assistance of counsel
during the revocation hearing. Anderson pled true to all of the allegations in the motion to revoke
which is sufficient to support revocation. See Clapper, 562 S.W.2d at 250. Counsel questioned
Anderson about the reasons she had violated her conditions of community supervision. Anderson
had an opportunity to explain why she had taken drugs and failed to comply with the electronic
monitoring program. 
      Counsel’s trial strategy focused on explaining the reasons for the violations and asking for
placement of Anderson in a drug treatment program. Counsel’s trial strategy will not be questioned
unless there is no plausible basis for counsel’s actions. See Johnson, 614 S.W.2d at 151. Since
proof of one violation is sufficient to revoke community supervision, a plausible trial strategy is
to admit and explain the allegations. See Sanchez, 603 S.W.2d at 871. 
      Therefore, we do not find that counsel’s performance in court was ineffective. We overrule
the tenth point of error.
      Finding that counsel did not err by failing to raise the various defensive issues, we find that
counsel “reasonably rendered effective assistance.” See Craig, 825 S.W.2d at 130. Therefore, 
the trial court properly accepted Anderson’s plea of true to the allegations in the State’s motion to
revoke community supervision.
      We affirm the judgment.
 
                                                                               REX D. DAVIS 
 Chief Justice
 
Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed
Opinion delivered and filed December 17, 1997 
Do not publish