NO. 07-08-0189-CV
 
IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2008
______________________________

BERGMAN OIL & GAS, INC. AND
PETCO PETROLEUM CORPORATION, APPELLANTS

V.

CURTIS STEAM SERVICE, INC. AND CURTIS WELL SERVICE, APPELLEES
_________________________________

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,111; HONORABLE LEE WATERS, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
          Appellants, Bergman Oil & Gas, Inc. and Petco Petroleum Corporation, perfected
an appeal from the trial court’s judgment. Appellants have now filed a motion to dismiss
their appeal. Finding the motion complies with the requirements of Texas Rule of
Appellate Procedure 42.1(a), we dismiss the appeal. Further, the court will tax costs
against appellants. Tex. R. App. P. 42.1(d).
          Having disposed of this appeal at the appellants’ request, we will not entertain a
motion for rehearing and our mandate shall issue forthwith.
 
                                                                Mackey K. Hancock

                                                                          Justice










d
appellant was placed on community supervision. Subsequently, on August 23, 2007, the
State of Texas filed a motion to revoke appellant’s community supervision. The State later
filed an amended motion to revoke appellant’s community supervision. At the time of the
hearing on the State’s amended motion to revoke community supervision, the allegations
against appellant were that she had failed to:
                     1) report during the months of March, April, May, and June 2007;
                     2) pay supervision fees as directed;
                     3) pay her costs, fine, and restitution as directed; and
                     4) perform community service when not gainfully employed as directed.
 
          The trial court conducted a hearing on the amended motion to revoke community
supervision on November 15, 2007. Appellant entered a plea of not true to all of the
allegations contained in the State’s amended application to revoke community supervision. 
After hearing the evidence, the trial court found all allegations to be true and sentenced
appellant to confinement for a period of eight years. 
          By four issues, appellant challenges the trial court’s findings. Appellant contends
that the trial court erred in finding that she had violated each of the specific terms and
conditions of community supervision alleged in the motion to revoke. For the reasons
stated below, we disagree with appellant and affirm the trial court’s judgment.
 
 
Standard of Review
          When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983). In a revocation proceeding, the State must prove by a preponderance of the
evidence that the probationer violated a condition of community supervision as alleged in
the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the
State fails to meet its burden of proof, the trial court abuses its discretion in revoking
community supervision. Cardona, 665 S.W.2d at 493-94. In determining the sufficiency
of the evidence to sustain a revocation, we view the evidence in the light most favorable
to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). 
When more than one violation of the conditions of community supervision are found by the
trial court, the revocation order shall be affirmed if one sufficient ground supports the
court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Leach v. State,
170 S.W.3d 669, 672 (Tex.App.–Fort Worth 2005, pet. ref'd). 
Discussion
          In the first issue, appellant argues that the trial court abused its discretion in finding
that she violated the terms and conditions of probation by failing to report for the months
of March, April, May, and June of 2007. Appellant contends that the reporting term in her
probation was vague and indefinite and would not support a revocation for violation of that
term. In support of the vagueness challenge, appellant cites the court to Harris v. State. 
Harris v. State, 608 S.W.2d 229, 230 (Tex.Crim.App. 1980). In Harris, the term in question
was, “6. Report to the Probation Officer as required.”


 The term in appellant’s probation
was,
(4) Report to the Community Supervision Department as directed by the
Court or the Supervision Officer at least once each calendar month and obey
all rules and regulations of the Ellis County Community Supervision &
Corrections Department.
 
As can be seen, the reporting requirement for appellant is more detailed and does, in fact,
inform appellant with sufficient certainty what she was to do. See Chacon v. State, No. 06-98-00106-CR, 1999 Tex. App. LEXIS 6289, at *3-*4 (Tex.App.–Texarkana Aug. 24, 1999,
no pet.) (not designated for publication). As in Chacon, appellant was ordered to report
a specified number of times at a specified place during a specified period of days. In the
case before the court, the record reflects that appellant did, in fact, report in person to the
probation department in March 2007. Such reporting as required demonstrates that the
information imparted was not unreasonably vague and that appellant knew when and how
to report. See Drew v. State, 942 S.W.2d 98, 100 (Tex.App.–Amarillo 1997, no pet.). 
Furthermore, appellant testified, during cross-examination, that she failed to report in the
months of April, May, and June. She also testified that she reported in person during the
month of July. In the final analysis, appellant knew where she was to report and how often
she was to report, therefore, this term and condition of probation was not so vague or
indefinite as to deny her due process. Id. Because we find that the term was not vague
or indefinite, the trial court did not abuse its discretion in revoking appellant’s probation. 
Cardona, 665 S.W.2d at 493. We overrule appellant’s first issue. 
Appellant’s Issues Two, Three and Four
          In issues two and three, appellant urges that the defense of inability to pay was
raised against the allegation of failure to pay fees and costs. In issue four, appellant
contends that the trial court erred in revoking for failure to perform community service
because there was still time left on her community supervision for her to perform. We need
not consider these issues since one sufficient ground for revocation will support the court’s
order to revoke probation. Moore, 605 S.W.2d at 926; Leach, 179 S.W.3d at 672.
Conclusion
          Because we find there was no abuse of discretion, we affirm the judgment of the
trial court.
Mackey K. Hancock

Justice



Do not publish.