

**NUMBER 13-07-426-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN THE MATTER OF M.A.H., A JUVENILE**

**On appeal from the County Court at Law No. 1
of Calhoun County, Texas.**

# CONCURRING MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela
Concurring Memorandum Opinion by Justice Yañez**

I agree with the majority opinion in all respects. I write separately, however, to make a few additional observations.

The probation order in the instant case has been a source of confusion for this Court. Judging from the record and arguments raised on appeal, the order has also confounded M.A.H., the State, and the trial court. Because the importance of clarity in a

probation order cannot be underscored[1]—and because it is probable that M.A.H.'s probation order is composed of boilerplate language that is, and will continue to be, used to formulate additional orders—I shall discuss the sources of confusion in M.A.H.'s order with the hope that such discussion may aid future parties and trial courts from Calhoun County, and inspire an abandonment of similarly worded orders.

In their briefs and at oral argument, the parties in this cause argued over whether M.A.H. violated a condition of probation by failing to be *successfully* discharged from Pegasus. According to the State's brief, "It was abundantly clear that Juvenile Services was requiring successful completion of the Pegasus program by Appellant for treatment purposes and that Appellant was unsuccessfully discharged from the program."[2] M.A.H., on the other hand, argued that he was not required to successfully complete the Pegasus program, but was only required to remain at the program for three to six months—a requirement he more than satisfied.

The source of the parties' debate stems from the following provision of M.A.H.'s probation order:

> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that [M.A.H.] is hereby committed to Pegasus in accordance with Chapter 61 of the Texas Human Resources Code, and Section 54.04 of the Texas Family Code, for a period of not less than three (3) months, but no more than six (6) months, **or** until said child is successfully discharged by the facility. [M.A.H.] is ordered placed in the custody of the Calhoun County Juvenile Probation

---

[1] *See Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980) ("It is well settled that, though not the same as a criminal trial, a proceeding to revoke probation portends a possible deprivation of liberty, and as such, the application of appropriate due process of law is constitutionally required."); *Harris v. State*, 608 S.W.2d 229, 230 (Tex. Crim. App. 1980) (holding that a probationer is not afforded due process when his probation is revoked for violating a probation condition that is so vague and indefinite, that it did "not inform the probationer with sufficient certainty of what he [was] to do").

[2] State's Brief at 7.

Department pending transportation the [sic] proper facility.[3]

Despite the State's contention that it is "abundantly clear" that successful completion of the Pegasus program is required, I question whether the probation order actually compels M.A.H. to be successfully discharged in order to remain compliant with his probation's conditions.

If meaning is to be given to all the terms in the above provision, one is compelled to read the provision and the conditions therein as being satisfied if M.A.H. either (1) remains in Pegasus for six months, or (2) remains in Pegasus until successfully discharged. Though I doubt that the State and the trial court intended for the provision to afford M.A.H. such flexibility, their intent must surrender to the plain meaning of the provision's text. The fact of the matter is that M.A.H. was in Pegasus for over six months; accordingly, M.A.H. satisfied the above provision.

It should further be noted, however, that M.A.H.'s placement at Pegasus for six months only satisfied the aforementioned provision—it did not satisfy the entirety of the probation order. The order also contains the following provisions:

> IT IS ALSO CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the child, [M.A.H.], now comes under guidance, and control for one (1) year, subject to extensions not to exceed one (1) year each until the child becomes eighteen (18) years of age unless discharged prior thereto subject to subsequent and additional proceedings under the provisions made by the statute in such cases, and that the said the child [sic], [M.A.H.] be and is hereby placed on probation in accordance with Title 3, Texas Juvenile Justice Code and upon the following reasonable and lawful terms and conditions:
>
> CONDITIONS OF PROBATION
> You are hereby advised that under the laws of Texas, the court

---

[3] Emphasis added.

determines the terms and conditions of our [sic] probation. If you do not follow all these rules, the Court can take away your probation.

IT IS THE ORDER OF THIS COURT that beginning November 16, 2005, you shall comply with and obey the following conditions of probation:

. . . .

H. REHABILITATION AND TREATMENT:
1.      You will participate in any diversion program supervised or sponsored by the Calhoun County Juvenile Department as directed by your probation officer.

2.      You are required to attend any counseling or treatment in which the Juvenile Services Department feels is necessary for your best interest in your rehabilitative efforts.

Under these provisions, it would appear, despite M.A.H.'s arguments to the contrary, that M.A.H. can be compelled to attend counseling and treatment at Pegasus for more than six months, should the Juvenile Services Department feel it "necessary for [his] best interest in [his] rehabilitative efforts." Though the first provision discussed appears to limit the amount of time M.A.H. has to stay in Pegasus (i.e., "no more than six (6) months"), that apparent limitation is subtly swallowed by the latter provisions discussed herein. Therefore, the State was at liberty to argue that M.A.H. had violated his probation by failing to attend counseling or treatment at Pegasus—as a result of his unsuccessful discharge—even though M.A.H. had already remained there for over six months.


LINDA REYNA YAÑEZ,
Justice


Concurring Memorandum Opinion delivered
and filed this the 28th day of August, 2008.

4