NO. 07-08-0018-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 2, 2009



______________________________





JENNIFER RENEE WOOD, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 40TH DISTRICT COURT OF ELLIS COUNTY;



NO. 29823CR; HON.GENE KNIZE, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Jennifer Renee Wood, appeals from an order revoking her community
supervision and sentencing her to eight years confinement in the Institutional Division of
the Texas Department of Criminal Justice. We affirm.
Factual and Procedural Background
          On September 23, 2005, appellant entered a plea of guilty to the offense of injury
to a child in exchange for a recommended sentence of eight years confinement and a fine
of $1,000. The term of confinement was suspended, pursuant to the plea agreement, and
appellant was placed on community supervision. Subsequently, on August 23, 2007, the
State of Texas filed a motion to revoke appellant’s community supervision. The State later
filed an amended motion to revoke appellant’s community supervision. At the time of the
hearing on the State’s amended motion to revoke community supervision, the allegations
against appellant were that she had failed to:
                     1) report during the months of March, April, May, and June 2007;
                     2) pay supervision fees as directed;
                     3) pay her costs, fine, and restitution as directed; and
                     4) perform community service when not gainfully employed as directed.
 
          The trial court conducted a hearing on the amended motion to revoke community
supervision on November 15, 2007. Appellant entered a plea of not true to all of the
allegations contained in the State’s amended application to revoke community supervision. 
After hearing the evidence, the trial court found all allegations to be true and sentenced
appellant to confinement for a period of eight years. 
          By four issues, appellant challenges the trial court’s findings. Appellant contends
that the trial court erred in finding that she had violated each of the specific terms and
conditions of community supervision alleged in the motion to revoke. For the reasons
stated below, we disagree with appellant and affirm the trial court’s judgment.
 
 
Standard of Review
          When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983). In a revocation proceeding, the State must prove by a preponderance of the
evidence that the probationer violated a condition of community supervision as alleged in
the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the
State fails to meet its burden of proof, the trial court abuses its discretion in revoking
community supervision. Cardona, 665 S.W.2d at 493-94. In determining the sufficiency
of the evidence to sustain a revocation, we view the evidence in the light most favorable
to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). 
When more than one violation of the conditions of community supervision are found by the
trial court, the revocation order shall be affirmed if one sufficient ground supports the
court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Leach v. State,
170 S.W.3d 669, 672 (Tex.App.–Fort Worth 2005, pet. ref'd). 
Discussion
          In the first issue, appellant argues that the trial court abused its discretion in finding
that she violated the terms and conditions of probation by failing to report for the months
of March, April, May, and June of 2007. Appellant contends that the reporting term in her
probation was vague and indefinite and would not support a revocation for violation of that
term. In support of the vagueness challenge, appellant cites the court to Harris v. State. 
Harris v. State, 608 S.W.2d 229, 230 (Tex.Crim.App. 1980). In Harris, the term in question
was, “6. Report to the Probation Officer as required.”


 The term in appellant’s probation
was,
(4) Report to the Community Supervision Department as directed by the
Court or the Supervision Officer at least once each calendar month and obey
all rules and regulations of the Ellis County Community Supervision &
Corrections Department.
 
As can be seen, the reporting requirement for appellant is more detailed and does, in fact,
inform appellant with sufficient certainty what she was to do. See Chacon v. State, No. 06-98-00106-CR, 1999 Tex. App. LEXIS 6289, at *3-*4 (Tex.App.–Texarkana Aug. 24, 1999,
no pet.) (not designated for publication). As in Chacon, appellant was ordered to report
a specified number of times at a specified place during a specified period of days. In the
case before the court, the record reflects that appellant did, in fact, report in person to the
probation department in March 2007. Such reporting as required demonstrates that the
information imparted was not unreasonably vague and that appellant knew when and how
to report. See Drew v. State, 942 S.W.2d 98, 100 (Tex.App.–Amarillo 1997, no pet.). 
Furthermore, appellant testified, during cross-examination, that she failed to report in the
months of April, May, and June. She also testified that she reported in person during the
month of July. In the final analysis, appellant knew where she was to report and how often
she was to report, therefore, this term and condition of probation was not so vague or
indefinite as to deny her due process. Id. Because we find that the term was not vague
or indefinite, the trial court did not abuse its discretion in revoking appellant’s probation. 
Cardona, 665 S.W.2d at 493. We overrule appellant’s first issue. 
Appellant’s Issues Two, Three and Four
          In issues two and three, appellant urges that the defense of inability to pay was
raised against the allegation of failure to pay fees and costs. In issue four, appellant
contends that the trial court erred in revoking for failure to perform community service
because there was still time left on her community supervision for her to perform. We need
not consider these issues since one sufficient ground for revocation will support the court’s
order to revoke probation. Moore, 605 S.W.2d at 926; Leach, 179 S.W.3d at 672.
Conclusion
          Because we find there was no abuse of discretion, we affirm the judgment of the
trial court.
Mackey K. Hancock

Justice



Do not publish.




 the disputes
they had with regard to that matter. Given Baird's testimony, one could reasonably view
Roehr's testimony about appellant's relationship with Baird and the accusations levied
against her as cumulative of evidence already before the jury. Being cumulative, it was
subject to exclusion. Harwood v. State, 961 S.W.2d 531, 539 (Tex. App.-San Antonio
1997, no pet.) (holding that a trial court may exclude cumulative evidence).

 Furthermore, while appellant contends that the trial court erred in excluding the
testimony, he does not attack the grounds upon which it acted. That is, he does not
contend, on appeal, that the evidence was something other than hearsay or fell within an
exception to the hearsay rule. Nor does he attempt to explain how the testimony was
sufficiently close in time to the murder to warrant its admission. Given this, he did not carry
his burden on appeal to show that the trial court's decision was incorrect. 

 Having overruled each issue, we affirm the judgment of the trial court.


 Per Curiam

 


Do not publish. 

 
1. Chief Justice Johnson did not participate in deciding this appeal.
2. Appellant told a psychologist that he had seen a fire near Baird's house and when he went to
investigate, he observed Baird serving House some food in the home. Appellant then went and obtained a
weapon and returned to Baird's home. 
3. Texas Rule of Evidence 403 permits the exclusion of relevant evidence when the probative value
of the evidence is substantially outweighed by, among other things, the risk of unfair prejudice.