Mark Anthony SALMONS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 58850, 58851.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

David F. Farris, Fort Worth, court appointed on appeal only, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Stephen R. Chaney and William S. Harris, Asst. Dist. Attys., Fort Worth, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

These are appeals from orders revoking probation.

On October 26, 1977, appellant waived his right to a jury trial and entered pleas of guilty to the offense of possession of methamphetamine (Cause No. 58,850) and burglary of a building (Cause No. 58,851). Punishment in each case was assessed at imprisonment for ten years, but imposition of sentence was suspended and appellant was placed on probation. One of the conditions of his probation was that appellant:

". . . attend the Cenikor Foundation, Houston, Texas, for the purpose of participating in the rehabilitation for drug addicts, alcoholics, and those with criminal behavior. The defendant is to attend the clinic and counseling programs prescribed by such authority and to obtain a monthly report as necessary from such authority for the probation office and not discontinue cooperating with

such authority until he is dismissed from the foundation by competent staff personnel."

The president of the Cenikor Foundation, who testified at the revocation hearing, described it as a tax-exempt foundation which operates a resident treatment facility in Houston for persons with drug addiction and criminal behavior problems.

On December 13, 1977, motions to revoke appellant's probation in each cause were filed, alleging that he had left the Cenikor Foundation "without authorization from competent staff personnel and without approval of the Court." After hearing evidence, the trial court revoked appellant's probation and imposed sentence in each cause.

In his sole ground of error, appellant contends that the condition of probation in question constitutes an improper delegation of judicial authority. We disagree. This Court has previously recognized the authority of a trial court, following a plea of guilty, to order an offender to commit himself to a community drug treatment center as a condition of his probation. See *Figgins v. State*, 528 S.W.2d 261 (Tex.Cr.App.1975). In 1977, the legislature amended the Adult Probation Law to authorize such commitment in all cases. Art. 42.12, Sec. 6(j) and (k), V.A.C.C.P. The amendment became effective August 29, 1977. Although such a condition of probation vests in the treatment facility a certain degree of discretion with regard to the conduct of the probationer while a resident therein, such discretion is necessary if the facility is to be successful in its rehabilitative efforts. Furthermore, there is a clear distinction between rules imposed by a custodial treatment facility in furtherance of its rehabilitative function and the conditions of probation. We hold that in ordering a probationer to obey the rules and regulations of the community-based facility in which he is placed, a trial court does not thereby improperly delegate to the facility the authority to specify the terms of probation. See and compare *Smith v. State*, 527 S.W.2d 896 (Tex.Cr.App.1975); *Parsons v. State*, 513 S.W.2d 554 (Tex.Cr.App.1974); *Brown v. State*, 508 S.W.2d 366 (Tex.Cr.App.1974).

Appellant does not contend that the condition of probation in question is unenforceably vague or indefinite, and the evidence adduced at the hearing establishes that he was aware of the nature of the Cenikor Foundation's program at the time he applied for probation. The evidence also establishes that appellant left the foundation's treatment facility within a week of his arrival despite the efforts of the staff to convince him to stay. At the hearing, appellant refused the trial court's offer to continue his probation if he would agree to return to the foundation.

The trial court did not abuse its discretion in revoking appellant's probation.

The judgments are affirmed.