Joaquin VENTO, A/K/A Jack Vento, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–86–0086–CR.

Court of Appeals of Texas, Amarillo.

Feb. 17, 1987.

O'Shea, Hall, Hart & Forcum, Mark C. Hall, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Ruth Cantrell, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Joaquin Vento a/k/a Jack Vento brings this appeal from the denial of a writ of habeas corpus sought by him. The application arises from probationary conditions included by the trial court in its order probating appellant's conviction, upon a guilty plea, of the misdemeanor offense of driving while intoxicated.

In his two grounds,* appellant says the trial court erred because the questioned conditions (1) are an impermissible delegation of judicial authority to the adult probation office in violation of Tex. Const. art. IV, § 11A and Tex.Code Crim.Proc.Ann. art. 42.12, §§ 1 and 3; and (2) Tex.Code Crim.Proc.Ann. art. 42.13, §§ 6(a)(10) and 6b(b)(2) violate Tex. Const. IV, § 11A because they allow a trial court to delegate the judicial function of imposing terms and conditions of probation to the adult probation officer.

The questioned conditions of probation are as follows:

\*  \*  \*  \*  \*  \*

(m) Attend and successfully complete before the 120th day after the beginning date of this probation, an Educational Program, certified by the Texas Commission on Alcoholism, specifically designed to rehabilitate persons who have driven while intoxicated; If the Defendant resides in Lubbock County then he is required to attend such program as administered by the Lubbock Regional Mental Health/Mental Retardation Center and to pay in advance to the Center the required fee for said program; while in attendance at the rehabilitation [sic] program, the Defendant shall submit himself to testing and evaluation by the Center for purposes of determining whether or not the Defendant has a drug or alcohol dependence condition; if is [sic] is determined that the Defendant does have a drug or alcohol dependence, the Center shall submit in writing to the Adult Probation Office a prescribed course of treatment and conduct to rehabilitate the Defendant; if the Defendant does not reside in Lubbock County, Texas, then he is required to submit himself before the 120th day after the beginning date of this probation to a facility licensed or approved by the Texas Commission on Alcoholism for purposes of testing and evaluation to determine whether he has a drug or alcohol dependence, and a report

---

* Although, since September 1, 1986, the proper designation of appellant's contentions would be points of error, Tex.R.App.Proc. 74(d), his termi- nology was correct at the time of the filing of his brief. We will use the same terminology in our opinion.

in writing shall be made to the Adult Probation Office of Lubbock County, Texas, with a prescribed course of treatment and conduct designed to rehabilitate the Defendant's drug or alcohol dependence; the Defendant is required to pay all or part of the costs of such treatment and rehabilitation, based upon his ability to pay; the facilities or personnel administering a course of treatment must be approved or licensed by the Texas Commission on Alcoholism as authorized to administer such treatment; the Defendant shall execute the necessary documents to make available to the Adult Probation Office all records having to do with such treatment and rehabilitation; the Defendant will waive any confidentiality of a doctor-patient relationship or any other confidential relationship he has as a result of said course or treatment, this waiver shall authorize release of all such information to this Court; and a condition of this probation is that the Defendant submit to any such treatment as prescribed;

&ast; &ast; &ast; &ast; &ast; &ast;

(*o*) If requested by the Adult Probation Office the defendant shall submit himself to a facility licensed or approved by the Texas Commission on Alcoholism for testing and evaluation for the purposes of determining whether or not the defendant has a drug of [sic] alcohol dependence condition. If it is determined that the defendant does have a drug or alcohol dependence, the testing facility shall prescribe a course of treatment and conduct to rehabilitate the defendant. The defendant is required to pay all or part of the costs of such treatment and rehabilitation, based upon his ability to pay. The facilities or personnel administering a course of treatment must be approved or licensed by the Texas Commission on Alcholism [sic] as authorized to administer such treatment. The defendant shall execute the necessary documents to make available to the Adult Probation Office all records having to do with such treatment and rehabilitation. The defendant will waive any confidentiality of a doctor-patient relationship or any other treatment. This waiver shal [sic] authorize release of all such information to this Court and a condition of this probation is that the defendant submit to any such treatment as prescribed.

&ast; &ast; &ast; &ast; &ast; &ast;

Parenthetically, we note that the State does not challenge the jurisdiction of this Court to consider this appeal. This obviates the necessity for a full discussion of that question. Suffice it to say, we conclude the requisite jurisdiction exists by virtue of Tex.Code Crim.Proc.Ann. arts. 11.09, 11.21, 11.23 (Vernon 1977) and art. 44.34 (Vernon Supp.1986). *See also Ex parte Jordan,* 659 S.W.2d 827 (Tex.Crim. App.1983); *Ex parte Payne,* 618 S.W.2d 380 (Tex.Crim.App.1981).

The thrust of appellant's attack under his first ground is against those portions of the above probation conditions which would allow the Center to test and determine whether he had a drug and/or alcohol dependence and, if so, to recommend to the probation office a mandatory course of treatment to be followed by appellant. Appellant argues that the effect of these provisions is that the court "after imposing the Conditions of Probation "M" and "O" never gets involved again." The effect of this, he says, is to effectuate a constitutionally and statutorily improper delegation to those entities of the court's power to fix terms and conditions of probation.

■ It has long been established that in a bench trial such as the instant one, the trial court is not limited to statutorily enumerated probationary conditions. *Chacon v. State,* 558 S.W.2d 874, 875 (Tex.Crim. App.1977). The court's discretion to add probation conditions is a wide one limited only by the requirement that such conditions be clearly specified and bear a reasonable relationship to the treatment of the accused and the protection of the public. *Hernandez v. State,* 556 S.W.2d 337, 342–43 (Tex.Crim.App.1977); *Russell v. State,* 685 S.W.2d 413, 417 (Tex.App.—San Antonio), *aff'd,* 702 S.W.2d 617 (Tex.Crim.App. 1985). The conditions here under attack are sufficiently and clearly stated to enable

a probationer of ordinary competence to understand what is and would be required of him. In view of the nature of appellant's conviction, the conditions required bear a reasonable relationship to treatment of the accused that may be necessary and further serve to protect the public against a repetition of the dangerous offense of driving while intoxicated. Therefore, unless they do represent an unconstitutional delegation of judicial power, even absent the statutory authorization contained in articles 42.12, § 6b(b)(2) and 42.13, §§ 6(a)(10) and 6b(b)(2), the conditions required would, we think, be within the discretionary power of the trial court.

■ Appellant correctly recognizes the general proposition that the duty and responsibility for determining conditions of probation rests squarely upon the judiciary and cannot be delegated. *Fogle v. State,* 667 S.W.2d 296, 298 (Tex.App.—Dallas 1984, no pet.). However, we cannot agree that the provisions in question violate that principle.

It is readily apparent that a court, by the very nature of its composition, is inherently incapable of directly implementing every detail of specified probation conditions. After prescribing, with sufficient clarity, the requisites with which a probationer must comply, a court must, of necessity, utilize other entities to carry out the details of those requisites. That pragmatic necessity has been recognized and approved by the Court of Criminal Appeals. In *Salmons v. State,* 571 S.W.2d 29 (Tex.Crim.App. 1978), the Court upheld a condition of probation requiring a probationer to "attend the clinic and counseling programs prescribed by such authority [Cenikor Foundation] and to obtain a monthly report as necessary from such authority for the probation office and not discontinue cooperating with such authority until he is dismissed from the foundation by competent staff personnel." *Id.* at 29–30. As were the conditions in this case, that condition was attacked as an improper delegation of judicial authority.

En route to its decision rejecting that attack, the *Salmons* Court made the following significant observation:

Although such a condition of probation rests in the treatment facility a certain degree of discretion with regard to the conduct of the probationer while a resident therein, such discretion is necessary if the facility is to be successful in its rehabilitation efforts. Furthermore, *there is a clear distinction between rules imposed by a custodial treatment facility in furtherance of its rehabilitative function and the conditions of probation. We hold that in ordering a probationer to obey the rules and regulations of the community-based facility in which he is placed, a trial court does not thereby improperly delegate to the facility the authority to specify the terms of probation.* [Emphasis added.]

*Id.* at 30.

The reasoning of the *Salmons* Court is applicable to the question in this case. Here, as in *Salmons,* the Court in its probationary conditions sufficiently clearly stated the cooperation required of appellant to sustain his probation. The fact that here, the Court chose to allow its adult probation office to prescribe an implementation of the conditions set by the Court, falls far short of allowing that office to impermissibly designate an additional condition.

Finally, we do recognize article 42.12, section 6b(b)(2) and article 42.13, sections 6(a)(10) and 6b(b)(2) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1986), as specifically authorizing the Court's conditions. Article 42.12, section 6b(b)(2) states:

(b) A court granting probation to a defendant convicted of an offense under Article 6701*l* –1, Revised Statutes, and punished under Subsection (d), (e), or (f) of that article shall require as a condition of probation that the defendant submit to:

\*    \*    \*    \*    \*    \*

(2) an evaluation by a probation officer, by a person approved by the probation department, or by a program or fa-

cility approved by the Texas Commission on Alcohol and Drug Abuse for the purpose of having the facility prescribe a course of conduct necessary for the rehabilitation of the defendant's drug or alcohol dependence condition.

We do not find any inconsistencies between the enumerated provisions of the Code and the Texas Constitution for all the reasons already herein stated.

In summary, both of appellant's grounds are overruled and, there being no reversible error, the judgment is affirmed.