James Andrew MURPHREE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-88-00360-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1989.

Kenneth R. Poland, The Woodlands, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

On June 3, 1986, appellant, James Andrew Murphree, was convicted of burglary of a habitation. The trial court assessed punishment at six years confinement in the Texas Department of Corrections, probated for six years with a $500 fine. On October 8, 1987, the State filed a motion to revoke probation. On December 11, 1987, the trial court, instead of revoking appellant's probation, modified the probationary conditions by ordering appellant to participate in the Cenikor program until successfully discharged or until further order of the court.

On March 10, 1988, the State filed a second motion to revoke probation based on appellant's having left Cenikor without permission on March 3, 1988. The trial court following a hearing, found that appellant had violated the modified terms of his probation, revoked the order suspending imposition of sentence, and reformed the judgment to impose a six year sentence and no fine. We affirm.

In points of error one through three, appellant maintains that the trial court abused its discretion in revoking his probation because the probationary condition which the court found he had violated was so ambiguous and indefinite as to be void. Appellant contends that the probationary condition ordering his participation in Cenikor is invalid because the order contained no date on which participation was to begin.

Appellant's conditions of probation were modified on December 11, 1987 to include appellant's participation at the Houston Cenikor Program. No beginning date is shown in the order but appellant admits that he entered Cenikor on that same day.

When a trial court grants probation, the relationship between the court and the probationer is contractual in nature. *McDonald v. State*, 442 S.W.2d 386 (Tex. Crim.App.1969). To be enforceable, the

conditions of probation should be clearly set forth in the judgments and orders granting probation so the probationers and the authorities may know with certainty what the conditions are. *Harris v. State,* 608 S.W.2d 229 (Tex.Crim.App.1980). Appellant does not contend that he did not understand the probationary condition as to when he was to commence participation in the Cenikor program.

 In *Salmons v. State,* 571 S.W.2d 29 (Tex.Crim.App.1978), a probation revocation was affirmed where the defendant violated his probation by leaving Cenikor without permission. Although *Salmons* did not involve the issue of a beginning date for attendance, such was the case in *Cardona v. State,* 665 S.W.2d 492 (Tex.Crim.App. 1984). In *Cardona,* the defendant never attended the alcoholism facility because he did not know when to do so. In reversing the revocation, the Court of Criminal Appeals found the distinction of failure to attend at all versus leaving without permission once there to be significant. *Id.* at 494. Here, appellant violated the terms of his probation when he left Cenikor, just as in *Salmons.* It is undisputed that appellant entered the Cenikor program on December 11. Appellant's own conduct removed any uncertainty as to the commencement date of his participation in the Cenikor Program and appellant may not now repudiate the order of probation after having begun performance of its terms. *Cf.* Tex.Jur.3d *Contracts* §§ 52, 58 (1981). Points of error one through three are overruled.

In point of error four, appellant complains that the trial court abused its discretion in considering evidence of violations of conditions of probation not contained in the State's motion to revoke probation.

There is a presumption that in a trial before the court, the judge disregards any inadmissible evidence. *Keen v. State* 626 S.W.2d 309 (Tex.Crim.App.1981); *Komurke v. State,* 562 S.W.2d 230 (Tex.Crim.App. 1978). Moreover, appellant stipulated that he was the person who had been placed on probation in this case and that he left Cenikor without permission. This was suffi-

cient evidence for the trial judge to have revoked his probation. Point of error four is overruled.

The judgment is affirmed.