NO. 12-01-00210-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ALFRED LEON JOHNSON,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Alfred Leon Johnson appeals the judgment of the trial court revoking his
probation. In one issue, Appellant complains that the trial court impermissibly delegated its
authority to the probation office to implement a condition of Appellant's community supervision,
and that it abused its discretion when it revoked Appellant's probation based upon a violation of that
condition. We affirm. 


Background

 Appellant was indicted for possession of a controlled substance with intent to deliver, namely
cocaine, in an amount of four grams or more but less than 200 grams. Appellant pleaded guilty and
the trial court assessed punishment at imprisonment for ten years, probated. The trial court approved
and signed the judgment containing the requirements of Appellant's community supervision, and the
judge immediately instructed the community supervision officer in the courtroom to have Appellant
submit to a urinalysis on that same date. Appellant failed to provide a urine sample. The State filed
a Motion to Revoke based upon Appellant's failure to provide a specimen on that date. After the
trial court granted the State's motion, this appeal followed. 


Improper Delegation of Authority

 In his sole issue, Appellant challenges a term and condition of his community supervision
as being a due process violation. Specifically, he contends that the requirement that he submit to
drug testing is an improper delegation of authority. The condition about which he complains reads
as follows:


 Submit, as often as requested by the supervision officer, and within two (2) hours of said request, a
specimen for urinalysis testing that has not undergone any internal and/or external dilution as a
mechanism to evade detection of drug use and pay the cost of each urinalysis test.



 Appellant argues that the trial court denied him due process and due course of law in
revoking his probation because the duty and responsibility for determining conditions of probation
rest squarely upon the judiciary, and not with the community supervision department. Since the
implementation of this condition was so delegated, Appellant's argument continues, the condition
is invalid and the trial court abused its discretion in revoking Appellant's community supervision. 
Appellant cites Ortega v. State, 860 S.W.2d 561 (Tex. App.-Austin 1993, no writ) in support of his
proposition. In Ortega, the Austin Court of Appeals held that the condition of probation to "submit
a urine specimen at the direction of the Probation Officer, daily if ordered," constituted an improper
delegation of authority. Id. at 565. We respectfully disagree with the Austin court's conclusion,
however.


Applicable Law and Analysis

 We do agree that, under our law, only the court in which the defendant was tried can fix the
terms and conditions of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a)
(Vernon Supp. 2001); McArthur v. State, 1 S.W.3d 323, 333 (Tex. App.-Fort Worth 1999, pet.
ref'd). Absent enumerated exceptions, this authority may not be delegated to a supervision officer
or anyone else. Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a), (d); Jones v. State, 571 S.W.2d
191, 193 (Tex. Crim. App. 1978); McArthur, 1 S.W.3d at 333. 

 However, "[a] court, by the very nature of its composition, is inherently incapable of directly
implementing every detail of specified community supervision conditions." McArthur, 1 S.W.3d
at 334; see also Vento v. State, 724 S.W.2d 948, 951 (Tex. App.-Amarillo 1987, no pet.). After
prescribing, with sufficient clarity, the requisites with which a probationer must comply, a court must
necessarily use other entities to carry out the details of those requisites. Salmons v. State, 571
S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1978); McArthur, 1 S.W.3d at 334. Article 41.12,
section 11(a)(14) of the Code of Criminal Procedure specifically provides that conditions of
community supervision may include requiring a defendant to submit to testing for alcohol or
controlled substances. Allowing the probation officer to establish when the testing occurs introduces
an element of randomness necessary to insure Appellant's compliance. The probation officer's
implementation of the court's order falls far short of delegating to that officer the authority to
determine or impose the conditions of Appellant's probation. We hold, therefore, that the imposition
of this condition does not violate the general proposition that the duty and responsibility for
determining conditions of community supervision rests upon the trial court and may not be
delegated. We overrule Appellant's sole issue and affirm the judgment of the trial court.



Opinion delivered May 14, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

















(DO NOT PUBLISH)