IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00168-CV

 

In
re Van Lee Brewer

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Van Lee Brewer’s petition for writ of
mandamus is denied.  His motion for temporary relief is dismissed as moot.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Petition denied

Opinion
delivered and filed June 10, 2009

[OT06]








 






=Section2>

Appellant Brandon Lee Anderson appeals
the trial court’s revocation of his community supervision.  We will affirm the
trial court’s judgment.

            Anderson pleaded guilty to
the state jail felony offense of burglary of a building with intent to commit
theft.  See Tex. Pen. Code Ann. §
30.02 (Vernon 2003).  The court deferred an adjudication of guilt and placed
Anderson on community supervision for five years.  The State subsequently filed
a motion to adjudicate guilt.  The court adjudicated Anderson guilty and
sentenced him to twenty-four months’ confinement in state jail and a $200 fine. 
The court then suspended the sentence and again placed Anderson on community
supervision for five years.  That same day, Anderson signed a waiver of all his
rights to appeal, including the filing of a motion for new trial.

Nevertheless, on March 24, 2008, upon
obtaining new counsel, Anderson filed a motion for new trial.  On April 8,
2008, while the motion for new trial was pending, the State filed a motion to
revoke Anderson’s community supervision, alleging that he violated the terms
and conditions of his community supervision because, on or about April 2, 2008,
he “failed to participate/successfully complete Lubbock County CRTC.”  Following
a hearing on April 11, the court denied the motion for new trial.  On April 21,
Anderson filed a notice of appeal.

On April 24, the court conducted a
hearing on the motion to revoke, and Anderson pleaded “not true” to the
allegations.  The State called only one witness, Anderson’s community
supervision officer Herlinda Grusendorf.  Grusendorf testified as follows:  Before
April 2, 2008, she visited Anderson at the county jail to complete a strategies
for case supervision (SCS) interview.  During the visit, Anderson completed
some of the paperwork required by the Lubbock County CRTC.  Grusendorf also advised
Anderson at that time that the Lubbock County CRTC had several programs but
that, due to violations, he was more than likely going to be “sentenced to” or
“eligible for” the long-term drug treatment program.  After the visit,
Grusendorf submitted the paperwork to the Lubbock County CRTC.  She was later
contacted by the facility and advised of which program Anderson had been
accepted to and when his anticipated intake date would be.  However, to
complete the acceptance process, the Lubbock County CRTC needed to receive a
specific order “advising of the specific program that he was accepted to with
the intake date.”  The order also had to be signed by Anderson, acknowledging
that he had read the order and its conditions and that he had received a copy
of the order.  The trial judge signed the order, and, on April 2, 2008, Grusendorf
had Anderson brought over from the county jail to the district clerk’s office to
sign it.  When Anderson arrived, Grusendorf explained the order to him and
discussed with him the program for which he was eligible, including the
approximate length of the program.  Anderson then showed some hesitation in
signing the order.  Grusendorf gave him some time to decide what he wanted to
do.  Anderson then refused to sign the order, stating that his attorney had
filed an appeal and that he was not happy with the time of the treatment
program.

The trial court found that Anderson
violated the condition of his community supervision as stated in the allegation
in the State’s motion.  The court then revoked Anderson’s community supervision
and assessed his punishment at twenty-four months’ confinement in state jail
and a $200 fine.

Appellate review of an order revoking
community supervision is limited to whether the trial court abused its
discretion.  Forrest v. State, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App.
1991); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); see
also Maxey v. State, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref’d). 
An order revoking community supervision must be supported by a preponderance of
the evidence; in other words, that greater weight of the credible evidence that
would create a reasonable belief that the defendant has violated a condition of
his community supervision.  Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).  The State is required to sustain the burden of proving the
allegations of the motion to revoke community supervision.  Id.; Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

            In his first point, Anderson
contends that the trial court abused its discretion in revoking his community
supervision because there is no evidence that he “affirmatively refused to
participate in the drug treatment program that he had previously agreed to
attend.”  Condition number 28 of the order placing Anderson on community
supervision states that Anderson “[b]e required to participate and successfully
complete treatment through Lubbock County CRTC.”  Anderson argues that he did
not violate this condition because he did not refuse to go to the facility or
indicate that he was not going to comply with the court’s order; he only said
that he did not want to sign the order at that time because his case was on
appeal, and he was never given a second opportunity to sign the order after the
motion for new trial was denied.

            We conclude that there is
sufficient evidence to show that Anderson violated the condition.  Grusendorf
testified that, for Anderson to be accepted into the Lubbock County CRTC
program, Lubbock County CRTC required a specific order that had to be signed by
Anderson.  But when Grusendorf explained the order to Anderson and provided it for
him to sign, he refused to sign it and thus effectively refused to participate
in the program.

Anderson also argues in his first point that
the word “participate” is “somewhat vague” and “subject to numerous
interpretations” and thus not the type of specific directive that will support
revocation.  When a court grants community supervision, the relationship between
the court and its probationer is contractual in nature.  McDonald v. State,
442 S.W.2d 386, 387 (Tex. Crim. App. 1969).  The conditions of community
supervision should be expressed clearly and explicitly so that the probationer
understands what is expected of him.  Id.; see Harris v. State,
608 S.W.2d 229, 230 (Tex. Crim. App. 1980).

            Here, Anderson had adequate
notice of his obligations.  The record reflects that when Grusendorf visited
Anderson at the county jail to conduct the SCS interview, she discussed the
Lubbock County CRTC programs with him, and he completed some of the required
paperwork.  When Grusendorf visited Anderson again on April 2, 2008, she
discussed with him the program for which he was eligible and explained to him
the order that he was required to sign to be accepted to the program.  We
conclude that these meetings removed any uncertainty as to what Anderson was
required to do to “participate” in treatment through Lubbock County CRTC.  See
Murphee v. State, 768 S.W.2d 342, 343 (Tex. App.—Houston [14th Dist.] 1989,
no pet.).  Moreover, having put forth some effort to comply with the condition,
Anderson cannot now repudiate the order.  See id.

            Anderson also argues that
because the requirement that he sign the order was not something required by
the court, but instead an additional requirement imposed by Lubbock County
CRTC, it was unauthorized.  We disagree.

            While the duty and
responsibility for determining community supervision conditions rests upon the
court and cannot be delegated, a court, by its very nature, is incapable of
directly implementing every detail of the community supervision terms.  See
Vento v. State, 724 S.W.2d 948, 951 (Tex. App.—Amarillo 1987, no pet.).  As
such, it must rely on other entities to carry out the details and must afford
those entities some discretion in implementing the terms.  See Salmons v.
State, 571 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1978); Vento,
724 S.W.2d at 951.  There is a clear distinction between rules imposed by a
treatment facility in furtherance of its rehabilitation function and the
conditions of community supervision.  See Salmons, 571 S.W.2d at 30. 
Here, Lubbock County CRTC’s requirement that Anderson sign the order
acknowledging that he had read the order and its conditions and that he had received
a copy of the order is a rule imposed by the treatment facility in furtherance
of its rehabilitative function, not an additional condition of community
supervision.  Anderson’s first point is thus overruled.

            In his second point, Anderson
contends that his counsel provided ineffective assistance.  To prevail on an
ineffective assistance of counsel claim, the familiar Strickland v.
Washington test must be met.  Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing Strickland v. Washington,
466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); Andrews v.
State, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same).  Under Strickland,
we must determine: (1) whether counsel’s performance was deficient, and if so,
(2) whether the defense was prejudiced by counsel’s deficient performance.  Wiggins,
539 U.S. at 521, 123 S.Ct. at 2535; Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Andrews, 159 S.W.3d at 101.  The appellant bears the burden of proving by a preponderance
of the evidence that counsel was ineffective.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Id.

            Anderson argues that his
counsel’s performance was deficient because counsel thought that a motion for
new trial stayed the proceedings such that Anderson’s community supervision
could not be revoked for violating community supervision conditions;[1]
counsel conveyed to Anderson that the proceedings were stayed; and Anderson then
relied on this “advice that was clearly wrong,” causing him to have his
community supervision revoked.  Anderson argues that the error was then compounded
by counsel not having Anderson explain to the court why he did not sign the
order.  But Anderson has not developed a record to support this argument.

            Anderson does not cite, nor
have we found, evidence in the record about whether his counsel thought a
motion for new trial stayed the proceedings or that his counsel told him that
the proceedings were stayed.  Anderson’s counsel did object to “the
proceedings” at the revocation hearing “[b]ecause this case is on appeal.” 
However, there is nothing in the record describing what advice Anderson
received from his counsel before he refused to sign the order. 
Furthermore, there is no evidence in the record that Anderson wanted to testify
at the revocation hearing.  See Salinas v. State, 163 S.W.3d 734, 740-41
(Tex. Crim. App. 2005) (declining to find ineffective assistance where
defendant did not testify during punishment phase because record did not
divulge whether defendant asserted his right to testify and his counsel failed
to protect right).  For these reasons, Anderson’s second point is overruled.

Having overruled both of Anderson’s
points, we affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed February 10, 2010

Do
not publish

[CR25]

 









[1] We note that in the absence of an
appeal, the period of community supervision begins on the day of sentencing
because the defendant suffers restrictions upon his freedom that day.  Morris
v. State, 658 S.W.2d 770, 773-74 (Tex. App.—Beaumont 1983, no pet.); see
Nesbit v. State, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007).  But see
McConathy v. State, 544 S.W.2d 666, 668 (Tex. Crim. App. 1976) (concluding
that, when no notice of appeal was filed, terms of probation commenced on day
amended motion for new trial was overruled by operation of law).  However, when
an appeal is taken from a criminal conviction assessing a probated sentence,
the terms of community supervision are generally stayed until mandate from the
appellate court, affecting final disposition of the appeal, is issued.  See
Surety Corp. of Am. v. State, 550 S.W.2d 689, 690 (Tex. Crim. App. 1977)
(stating that, when accused is placed on probation and appeals his conviction,
terms of probation do not commence until the mandate of the appellate court is
received by the clerk); McConnell v. State, 34 S.W.3d 27, 30-31 (Tex.
App.—Tyler 2000, no pet.) (holding that trial court retains authority to punish
violations of conditions of community supervision before filing of motion for
new trial).  We also note that Anderson waived all his rights to appeal, which
further complicates this legal issue that we cannot decide on the record before
us.