

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00137-CR

**BRANDON LEE ANDERSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-556-C2**

## MEMORANDUM OPINION

Appellant Brandon Lee Anderson appeals the trial court's revocation of his community supervision. We will affirm the trial court's judgment.

Anderson pleaded guilty to the state jail felony offense of burglary of a building with intent to commit theft. *See* TEX. PEN. CODE ANN. § 30.02 (Vernon 2003). The court deferred an adjudication of guilt and placed Anderson on community supervision for five years. The State subsequently filed a motion to adjudicate guilt. The court adjudicated Anderson guilty and sentenced him to twenty-four months' confinement in

state jail and a $200 fine. The court then suspended the sentence and again placed Anderson on community supervision for five years. That same day, Anderson signed a waiver of all his rights to appeal, including the filing of a motion for new trial.

Nevertheless, on March 24, 2008, upon obtaining new counsel, Anderson filed a motion for new trial. On April 8, 2008, while the motion for new trial was pending, the State filed a motion to revoke Anderson's community supervision, alleging that he violated the terms and conditions of his community supervision because, on or about April 2, 2008, he "failed to participate/successfully complete Lubbock County CRTC." Following a hearing on April 11, the court denied the motion for new trial. On April 21, Anderson filed a notice of appeal.

On April 24, the court conducted a hearing on the motion to revoke, and Anderson pleaded "not true" to the allegations. The State called only one witness, Anderson's community supervision officer Herlinda Grusendorf. Grusendorf testified as follows: Before April 2, 2008, she visited Anderson at the county jail to complete a strategies for case supervision (SCS) interview. During the visit, Anderson completed some of the paperwork required by the Lubbock County CRTC. Grusendorf also advised Anderson at that time that the Lubbock County CRTC had several programs but that, due to violations, he was more than likely going to be "sentenced to" or "eligible for" the long-term drug treatment program. After the visit, Grusendorf submitted the paperwork to the Lubbock County CRTC. She was later contacted by the facility and advised of which program Anderson had been accepted to and when his anticipated intake date would be. However, to complete the acceptance process, the

Lubbock County CRTC needed to receive a specific order "advising of the specific program that he was accepted to with the intake date." The order also had to be signed by Anderson, acknowledging that he had read the order and its conditions and that he had received a copy of the order. The trial judge signed the order, and, on April 2, 2008, Grusendorf had Anderson brought over from the county jail to the district clerk's office to sign it. When Anderson arrived, Grusendorf explained the order to him and discussed with him the program for which he was eligible, including the approximate length of the program. Anderson then showed some hesitation in signing the order. Grusendorf gave him some time to decide what he wanted to do. Anderson then refused to sign the order, stating that his attorney had filed an appeal and that he was not happy with the time of the treatment program.

The trial court found that Anderson violated the condition of his community supervision as stated in the allegation in the State's motion. The court then revoked Anderson's community supervision and assessed his punishment at twenty-four months' confinement in state jail and a $200 fine.

Appellate review of an order revoking community supervision is limited to whether the trial court abused its discretion. *Forrest v. State*, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App. 1991); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *see also Maxey v. State*, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref'd). An order revoking community supervision must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of his community

supervision. *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Id.*; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

In his first point, Anderson contends that the trial court abused its discretion in revoking his community supervision because there is no evidence that he "affirmatively refused to participate in the drug treatment program that he had previously agreed to attend." Condition number 28 of the order placing Anderson on community supervision states that Anderson "[b]e required to participate and successfully complete treatment through Lubbock County CRTC." Anderson argues that he did not violate this condition because he did not refuse to go to the facility or indicate that he was not going to comply with the court's order; he only said that he did not want to sign the order at that time because his case was on appeal, and he was never given a second opportunity to sign the order after the motion for new trial was denied.

We conclude that there is sufficient evidence to show that Anderson violated the condition. Grusendorf testified that, for Anderson to be accepted into the Lubbock County CRTC program, Lubbock County CRTC required a specific order that had to be signed by Anderson. But when Grusendorf explained the order to Anderson and provided it for him to sign, he refused to sign it and thus effectively refused to participate in the program.

Anderson also argues in his first point that the word "participate" is "somewhat vague" and "subject to numerous interpretations" and thus not the type of specific directive that will support revocation. When a court grants community supervision, the

relationship between the court and its probationer is contractual in nature. *McDonald v. State*, 442 S.W.2d 386, 387 (Tex. Crim. App. 1969). The conditions of community supervision should be expressed clearly and explicitly so that the probationer understands what is expected of him. *Id.*; *see Harris v. State*, 608 S.W.2d 229, 230 (Tex. Crim. App. 1980).

Here, Anderson had adequate notice of his obligations. The record reflects that when Grusendorf visited Anderson at the county jail to conduct the SCS interview, she discussed the Lubbock County CRTC programs with him, and he completed some of the required paperwork. When Grusendorf visited Anderson again on April 2, 2008, she discussed with him the program for which he was eligible and explained to him the order that he was required to sign to be accepted to the program. We conclude that these meetings removed any uncertainty as to what Anderson was required to do to "participate" in treatment through Lubbock County CRTC. *See Murphee v. State*, 768 S.W.2d 342, 343 (Tex. App.—Houston [14th Dist.] 1989, no pet.). Moreover, having put forth some effort to comply with the condition, Anderson cannot now repudiate the order. *See id.*

Anderson also argues that because the requirement that he sign the order was not something required by the court, but instead an additional requirement imposed by Lubbock County CRTC, it was unauthorized. We disagree.

While the duty and responsibility for determining community supervision conditions rests upon the court and cannot be delegated, a court, by its very nature, is incapable of directly implementing every detail of the community supervision terms.

*See Vento v. State*, 724 S.W.2d 948, 951 (Tex. App.—Amarillo 1987, no pet.). As such, it must rely on other entities to carry out the details and must afford those entities some discretion in implementing the terms. *See Salmons v. State*, 571 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1978); *Vento*, 724 S.W.2d at 951. There is a clear distinction between rules imposed by a treatment facility in furtherance of its rehabilitation function and the conditions of community supervision. *See Salmons*, 571 S.W.2d at 30. Here, Lubbock County CRTC's requirement that Anderson sign the order acknowledging that he had read the order and its conditions and that he had received a copy of the order is a rule imposed by the treatment facility in furtherance of its rehabilitative function, not an additional condition of community supervision. Anderson's first point is thus overruled.

In his second point, Anderson contends that his counsel provided ineffective assistance. To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, we must determine: (1) whether counsel's performance was deficient, and if so, (2) whether the defense was prejudiced by counsel's deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews*, 159 S.W.3d at 101. The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of

ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

Anderson argues that his counsel's performance was deficient because counsel thought that a motion for new trial stayed the proceedings such that Anderson's community supervision could not be revoked for violating community supervision conditions;[1] counsel conveyed to Anderson that the proceedings were stayed; and Anderson then relied on this "advice that was clearly wrong," causing him to have his community supervision revoked. Anderson argues that the error was then compounded by counsel not having Anderson explain to the court why he did not sign the order. But Anderson has not developed a record to support this argument.

Anderson does not cite, nor have we found, evidence in the record about whether his counsel thought a motion for new trial stayed the proceedings or that his counsel told him that the proceedings were stayed. Anderson's counsel did object to "the proceedings" at the revocation hearing "[b]ecause this case is on appeal." However, there is nothing in the record describing what advice Anderson received

---

[1] We note that in the absence of an appeal, the period of community supervision begins on the day of sentencing because the defendant suffers restrictions upon his freedom that day. *Morris v. State*, 658 S.W.2d 770, 773-74 (Tex. App.—Beaumont 1983, no pet.); *see Nesbit v. State*, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007). *But see McConathy v. State*, 544 S.W.2d 666, 668 (Tex. Crim. App. 1976) (concluding that, when no notice of appeal was filed, terms of probation commenced on day amended motion for new trial was overruled by operation of law). However, when an appeal is taken from a criminal conviction assessing a probated sentence, the terms of community supervision are generally stayed until mandate from the appellate court, affecting final disposition of the appeal, is issued. *See Surety Corp. of Am. v. State*, 550 S.W.2d 689, 690 (Tex. Crim. App. 1977) (stating that, when accused is placed on probation and appeals his conviction, terms of probation do not commence until the mandate of the appellate court is received by the clerk); *McConnell v. State*, 34 S.W.3d 27, 30-31 (Tex. App.—Tyler 2000, no pet.) (holding that trial court retains authority to punish violations of conditions of community supervision before filing of motion for new trial). We also note that Anderson waived all his rights to appeal, which further complicates this legal issue that we cannot decide on the record before us.

from his counsel *before* he refused to sign the order. Furthermore, there is no evidence in the record that Anderson wanted to testify at the revocation hearing. *See Salinas v. State*, 163 S.W.3d 734, 740-41 (Tex. Crim. App. 2005) (declining to find ineffective assistance where defendant did not testify during punishment phase because record did not divulge whether defendant asserted his right to testify and his counsel failed to protect right). For these reasons, Anderson's second point is overruled.

Having overruled both of Anderson's points, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed February 10, 2010
Do not publish
[CR25]