**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00164-CR

———————————

**ANTHONY JOSEPH STENTO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 11-DCR-57078**

## MEMORANDUM OPINION

After appellant, Anthony Joseph Stento, with an agreed punishment recommendation from the State, pleaded guilty to the offense of family-violence assault, enhanced by a prior conviction,[1] the trial court deferred adjudication of his

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Vernon Supp. 2017).

guilt, and placed him on community supervision for four years. The State, alleging numerous violations of the conditions of his community supervision, subsequently moved to adjudicate appellant's guilt. After a hearing, the trial court found an allegation true, found appellant guilty, and assessed his punishment at confinement for two years. In his sole issue, appellant contends that the trial court violated his due process rights under the Fourteenth Amendment to the United States Constitution when it adjudicated his guilt and revoked his community supervision.

We affirm.

## Background

On March 19, 2012, the trial court placed appellant on community supervision, subject to certain conditions. On August 19, 2015, the State filed a Motion for Adjudication of Guilt, asserting that appellant had violated numerous conditions of his community supervision. The trial court then modified the terms of appellant's community supervision, extending the period for two years and requiring him to be placed in a Substance Abuse Felony Punishment Facility ("SAFPF") "for not less than ninety (90) days or more than one (1) year," and granted the State's motion to withdraw its previously-filed Motion for Adjudication of Guilt.

On May 6, 2016, the State filed a second Motion for Adjudication of Guilt, asserting that appellant had violated numerous conditions of his community

supervision, including the modified condition that required him "to remain" in the SAFPF "for not less than ninety (90) days or more than one (1) year."

At the hearing on the State's Second Motion for Adjudication of Guilt, appellant pleaded "not true" to the allegations in the State's motion.

Sheila LaCourse, appellant's probation officer and the SAFPF coordinator for Fort Bend County, testified that she was assigned to appellant's case. Although she was not present at the SAFPF on a day-to-day basis, she had personal knowledge of the circumstances surrounding appellant's time at the SAFPF because she met with him periodically and received reports on his behavior every sixty days while he was in the program. LaCourse explained that appellant arrived at the SAFPF on October 28, 2015 and was assigned to the "special needs SAFPF" to address his "mental health and his brain injury." She first met with him on December 15, 2015 and provided him with general information about the program, encouraged him "to do a good job," and offered to answer any of his questions. Because appellant told LaCourse at that meeting that "he was feeling angry," they discussed "healthy boundaries." He further told her that he was "open-minded to the program." In March 2016, LaCourse had another meeting with appellant, and they discussed that he had received negative behavioral reports.

LaCourse was also part of appellant's "treatment team," comprised of herself, appellant, a transition coordinator, a center representative, a counselor

3

supervisor, a student counselor, and other counselors. In April 2016, the treatment team held a disciplinary call with appellant to discuss his noncompliance with program rules and behavioral issues, such as disrespecting staff, not following directives, refusing to sign the in-house behavioral contract, engaging in "horseplay," being out of place, skipping group treatment, and creating a disturbance. LaCourse noted, in response to these allegations, that appellant admitted that he had violated the SAFPF's rules. However, instead of taking responsibility for his actions, he blamed his behavior on a "head injury." As a result of his non-compliance, the "treatment team" placed appellant "on a 30-day extension behavioral contract of zero tolerance" and he was "to try to reach a hundred percent compliance with his medication."

The "treatment team" held another disciplinary call with appellant in May 2016 due to continued behavioral issues. Specifically, he had received seven additional behavioral infractions and a Texas Department of Criminal Justice ("TDCJ") "case" for being "out of place and disrespecting" his counselors. LaCourse noted that based on the information that she had received from the SAFPF, it appeared that appellant's non-compliant behavior was "getting more frequent" and not improving over time. After the meeting, the treatment team, with the approval of the Community Justice Assistance Division ("CJAD"), decided to discharge appellant from the SAFPF program unsuccessfully.

4

After hearing the evidence, the trial court found "true" that appellant had violated the modified condition, found him guilty, and assessed his punishment at confinement for two years.

## Standard of Review

Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion."); *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (Vernon 2018) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a [community-supervision] revocation hearing . . . in which the adjudication of guilt was not deferred."). And the trial court's decision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64. The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Id.* at 764; *Bell v. State*, 554 S.W.3d 742, 746 (Tex. App.—Houston [1st Dist.] July 3, 2018, no pet.).

We examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Bell*, 554 S.W.3d at 746. As the sole trier of fact, a trial court determines the credibility of

witnesses and the weight to be given to their testimony. *See Garrett*, 619 S.W.2d at 174; *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).

Where "the trial court, through a condition of the appellant's community supervision, ma[kes] the appellant's compliance with the terms of his community supervision subject to the discretion of a third party," we, in determining "whether the trial court abused its discretion[,] . . . must also examine the third party's use of discretion to ensure that it was used on a basis that was rational and connected to the purposes of community supervision." *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012); *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.301 (Vernon 2018); *Hammack v. State*, 466 S.W.3d 302, 304–05 (Tex. App.—Texarkana 2015, no pet.).

## Adjudication of Guilt

In his sole issue, appellant argues that the trial court violated his "right to due process of law under the 14th Amendment of the United States Constitution when it adjudicated his guilt and revoked his community [supervision]" because his "ability to complete the terms of his community supervision lay within the discretion of a third party who arbitrarily discharged [him] from his SAFP[F] treatment program."

"Though defendants are not entitled to community supervision as a matter of right, once a defendant is assessed community supervision in lieu of other

6

punishment, this conditional liberty 'should not be arbitrarily withdrawn by the court . . . .'" *Leonard*, 385 S.W.3d at 576 (quoting *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987)).  However, our review remains one of abuse of discretion.  *See Rickels*, 202 S.W.3d at 763.  And proof of a single violation is sufficient to support a revocation.  *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Here, placement at a SAFPF for "not less than ninety (90) days" was a condition of the modified conditions of appellant's community supervision, and he accepted this term.  Further, the trial court properly delegated to the SAFPF staff the authority to create and administer rules and regulations applicable to the program.  *Bell*, 554 S.W.3d at 748; *see also Salmons v. State*, 571 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1978) ("We hold that in ordering a probationer to obey the rules and regulations of the community-based facility in which he is placed, a trial court does not thereby improperly delegate to the facility the authority to specify the terms of probation.").  Because the determination of whether appellant complied with the rules, regulations, and treatment programs was subject to the discretion of a third party, we must determine whether the basis for appellant's discharge from the SAFPF was "rational and connected to the purposes of community supervision." *See Leonard*, 385 S.W.3d at 577; *Hammack*, 466 S.W.3d at 305.  The purposes of community supervision are "to protect or

restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42A.301(a); *see also Leonard*, 385 S.W.3d at 577 n.13; *Jackson v. State*, No. 06-17-00158-CR, 2018 WL 1462217, at *4 (Tex. App.—Texarkana Mar. 26, 2018, no pet.) (mem. op., not designated for publication).

In this case, LaCourse testified that the decision to discharge appellant from the SAFPF was made by his "treatment team," which was comprised of herself, appellant, a transition coordinator, counselors, a center representative, a counselor supervisor, and a student counselor. Before discharging appellant, the "treatment team" placed him on a 30-day, "zero tolerance" behavioral contract after a disciplinary meeting held in April 2015. During the 30-day, "zero tolerance" behavioral contract, appellant's behavior continued to decline. He received seven more behavioral infractions and a TDCJ "case." The "treatment team" then held another disciplinary meeting and, with the approval of the CJAD, decided to discharge appellant from the SAFPF.

Appellant argues that LaCourse's testimony is insufficient to support the trial court's decision to adjudicate his guilt because she did not have personal knowledge of his day-to-day behavior or treatment at the SAFPF. However, although she was not personally involved in the everyday treatment of appellant, LaCourse received reports from the SAFPF about his behavior and she was able to

explain that he had "violate[d] the [SAFPF] rules," which appellant does not contest. Also, she was a part of the "treatment team" that discussed, and evaluated the consequences of, appellant's non-compliance with the program's rules. *See Hammack*, 466 S.W.3d at 306 (upholding adjudication where witness "did not personally observe" defendant engaging in behavior at issue). Further, any issue as to the credibility of witnesses and the weight to be given to their testimony is a determination for the trial court. *See Garrett*, 619 S.W.2d at 174. And there is no evidence in the record that the "treatment team" or CJAD discharged appellant from the SAFPF "for a wholly inappropriate reason . . . or mere caprice." *Leonard*, 385 S.W.3d at 577.

Appellant also asserts that there was no discussion about how his infractions affected his ability to pursue the objective of rehabilitation. But LaCourse testified that instead of improving, appellant's behavioral issues manifested themselves "more frequent[ly]." And the behavioral issues included appellant disrespecting staff, not following directives, refusing to sign the in-house behavioral contract, and skipping group treatment—all of which rationally relate to the objective of rehabilitating and reforming appellant through community supervision. *See Goodwin v. State*, No. 14-12-00512-CR, 2013 WL 5346429, at *5 (Tex. App.— Houston [14th Dist.] Aug. 27, 2013, no pet.) (mem. op., not designated for

9

publication) ("Appellant's making progress in treatment would be rationally connected to the purposes of rehabilitating and reforming [defendant].").

Viewed in the light most favorable to the trial court's order, the greater weight of the evidence supports a reasonable belief that appellant violated a condition of his community supervision. He was discharged from the SAFPF before the completion of ninety days in the program, and his discharge was rationally connected to the purposes of his community supervision. Accordingly, we hold that the trial court did not err in finding "true" that appellant violated the modified condition and in adjudicating appellant's guilt.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).