

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00383-CR

_____

KEMONE DUANE RODGERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1488359D

---

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In two issues, Appellant Kemone Rodgers appeals the trial court's revocation of deferred-adjudication community supervision, determination of his guilt of possession of a controlled substance, and imposition of a 132-day jail sentence. We affirm the judgment as modified to delete the $191.68 fine that was assessed in the written judgment but not orally pronounced by the trial court.

### Background

Appellant pleaded guilty to drug possession in May 2017 and was placed on two years' deferred-adjudication community supervision. The community-supervision terms required Appellant to report to the Community Supervision and Corrections Department (CSCD) "no less than monthly . . . , or as scheduled by the court or supervision officer," and to complete 120 hours of community service "at the rate of no fewer than **8** hours per month as directed by the court or supervision officer."

In May 2018, the State moved to adjudicate Appellant's guilt on the basis that he had not completed community-service hours as required and refused to report weekly and/or bi-weekly as instructed by his supervision officer, Adelia Gonzalez. Gonzalez testified at the hearing that Appellant had only completed four hours of community service between January and April 2018, twenty-eight fewer hours than required. According to Gonzalez, Appellant told her that he did not have time to do community service—even though he held a job only for one week during the relevant time period—and that he did not agree to perform community service.

When Gonzalez informed Appellant that she planned to increase his reporting requirement to be weekly, Appellant responded, "I can't do that." When she suggested biweekly reporting, Appellant claimed he could not make it biweekly either. According to Gonzalez, Appellant "flat-out refused" to report weekly or biweekly as instructed by her.

Gonzalez testified that Appellant never provided her with evidence that he was unable to work due to a disability. Likewise, when he testified at the hearing, Appellant refused to give the trial court any information about the medical condition that he claimed prevented him from complying with the terms of community supervision.

At the conclusion of the hearing, the trial court found Appellant's guilty plea had been entered freely and voluntarily, that he had been properly admonished, and that he was aware of the terms and conditions of community supervision. The trial court further found that the terms and conditions of community supervision were administered by Gonzalez "under the authority of the Court and at its direction" and that "there [was] no credible evidence" that Appellant was unable to perform any of the terms and conditions of community service. The trial court found Appellant guilty and sentenced him to time served (132 days) in the Tarrant County Jail.

## Discussion

Appellant brings two issues on appeal. In his first issue, Appellant complains that the trial court improperly delegated authority to Gonzalez as the supervision

3

officer and that Gonzalez did not have the authority to modify Appellant's reporting schedule. In his second issue, Appellant argues that the trial court's order that he complete 120 hours of community service was too vague and indefinite to be enforceable.

## I. Delegation of authority to supervision officer

As a preliminary matter, we note that Appellant relies upon outdated caselaw to support his challenge to the trial court's authority to delegate his reporting schedule to Gonzalez. *See Pierce v. State*, 67 S.W.3d 374, 376–77 (Tex. App.—Waco 2001, no pet.) (discussing the evolution of statutes and caselaw regarding probation officers' ability to alter terms of probation). But even two decades ago, we observed that it is unrealistic to expect the trial court to directly implement every detail of specified community-supervision conditions. *McArthur v. State*, 1 S.W.3d 323, 334 (Tex. App.— Fort Worth 1999, pet. ref'd). In *McArthur*, we held that once the trial court prescribes—with sufficient clarity—the requirements with which a defendant must comply, it may use other entities to implement the details pertaining to those requisites. *Id.*; *see also Salmons v. State*, 571 S.W.2d 29, 29–30 (Tex. Crim. App. 1978) (upholding probation condition requiring a probationer to attend clinic and counseling programs as prescribed by the probation office). As we explained, allowing a supervision officer to prescribe details regarding implementation of the conditions set by the court is not the same as allowing the officer to impermissibly designate an additional condition. *McArthur*, 1 S.W.3d at 334. Furthermore, the code

4

of criminal procedure expressly allows a trial court to require a defendant to, as a condition of community supervision, report to a supervision officer "as directed by the judge **or supervision officer**." Tex. Code Crim. Proc. Ann. art. 42A.301(b)(4) (emphasis added).

The trial court ordered that Appellant report to the CSCD no less than monthly or as scheduled by his supervision officer. In doing so, the trial court did not improperly allow the supervision officer to modify an imposed term of community supervision. Rather, the trial court utilized the CSCD to implement its requirement that Appellant report to the CSCD regularly during the community-supervision term. *Id.*; *see also Ward v. State*, No. 05-04-00493-CR, 2005 WL 1091374, at *3-4 (Tex. App.—Dallas May 10, 2005, no pet.) (not designated for publication) (interpreting a predecessor of article 42A.301 and holding that the trial court did not err by allowing supervision officer to set or change the time of reporting). We therefore overrule Appellant's first issue.

## II. 120-hour community service requirement

Appellant signed the trial court's order that Appellant complete "120 hours of community service restitution at the rate of no fewer than **8** hours per month as directed by the court or supervision officer." He now argues on appeal that the community service requirement was too vague and indefinite to be enforced. In support, Appellant relies upon various letters he mailed to the trial court (while represented by appointed counsel) in which he offered to pay money in lieu of

performing community service. We do not find these letters persuasive to support Appellant's argument.

Community supervision establishes a contractual relationship between the trial court and the defendant. *McArthur*, 1 S.W.3d at 335. Because a violation of that contract can potentially result in the loss of the defendant's freedom, the community-supervision conditions must be clear, explicit, and unambiguous so that the defendant knows what is expected. *Id.* Generally speaking, we measure vagueness from the standpoint of an objective reasonable person. *See, e.g.*, *Comm'n for Lawyer Discipline v. Benton*, 980 S.W.2d 425, 440 (Tex. 1998) (applying objective ordinary person test in determining vagueness of statute); *May v. State*, 765 S.W.2d 438, 439 (Tex. Crim. App. 1989) (considering appellant's argument that statute was unconstitutionally vague because it did not establish objective standards to determine violations thereof). Thus, we do not consider Appellant's subjective misunderstanding of a community-service requirement when determining whether the requirement was too vague or indefinite to be enforced.

The trial court was statutorily permitted to impose a specified amount of time of community service as a condition of community supervision. *See* Act of May 23, 2015, 84th Leg., R.S., ch. 106, § 2, 2015 Tex. Gen. Laws 1103, 1104–05 (permitting trial court to impose community service "for a time specified by the judge"), *repealed by*

Act of June 1, 2017, 85th Leg., ch. 324, § 23.013(d), 2015 Tex. Gen. Laws 841, 954.[1]

And, after taking judicial notice of Appellant's signatures on his plea paperwork, including on those pages listing his community-supervision conditions and the community-service requirement, the trial court clearly ordered Appellant to perform 120 hours of community service at a rate of no less than eight hours a month. We do not find the trial court's requirement that Appellant complete 120 hours of community service at a rate of no less than eight hours a month to be so vague or indefinite as to render it unenforceable. We therefore overrule Appellant's second issue.

## III. Improper assessment of fine

In our review of the record, we noted that the judgment adjudicating guilt reflects a $191.68 fine that was not pronounced by the trial court when it sentenced Appellant. This is a clerical error. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (holding that, in the context of deferred adjudication, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fine).

---

[1]The current version of the law is located at article 42A.301(a)(10) of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 42A.301(a)(10) (allowing trial court to require defendant to participate in community service "for a period specified by the judge").

Although Appellant has not raised this issue on appeal, we have the power to correct and reform judgments "to make the record speak the truth" and whenever the trial court could have corrected the error through a judgment nunc pro tunc. *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.").

Thus, we reform the judgment to delete the $191.68 fine because the trial court did not orally pronounce the fine as part of Appellant's sentence upon adjudication. *See Taylor*, 131 S.W.3d at 502.

## Conclusion

Having overruled Appellant's two issues but recognizing the discrepancy between the oral pronouncement and the written judgment, we affirm the trial court's judgment as modified to delete the $191.68 fine.[2]

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019

---

[2]While this appeal was pending and after the briefs were filed, Appellant filed a motion to remove his attorney from this appeal and file a pro se brief. We deny his motion.